UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
HELEN SWARTZ, Individually,                   :   Case No.: 17 Civ. 00143 (PAE)
:
Plaintiff,   :
:   **DEFENDANTS' ANSWER TO**
-against-                 :   **COMPLAINT AND DEFENSES**
:
GANSEVOORT HOTEL GROUP LLC, a Delaware        :
Limited Liability Company, and TGA II, LLC, a :
Delaware Limited Liability Company,           :
:
Defendants.        :
------------------------------------------------------------------- x

Defendants, Gansevoort Hotel Group LLC ("Gansevoort Hotel Group") and TGA II, LLC d/b/a Gansevoort Park ("Gansevoort Park") (collectively "Defendants"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their Answer to the Complaint of Plaintiff Helen Swartz ("Plaintiff"), filed January 9, 2017 (the "Complaint"), allege as follows:

## AS TO PLAINTIFF'S "COUNT I"

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except Defendants admit that Gansevoort Park Management, LLC ("Gansevoort Park Management"), a subsidiary of Gansevoort Hotel Group, manages a hotel at 420 Park Avenue South, New York, NY 10016.

2. With respect to the allegations contained in Paragraph "2" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required, except Defendants admit that Plaintiff purports to lay venue as set forth in this Paragraph.

3. With respect to the allegations contained in Paragraph "3" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own

Complaint, no response is required, except Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth in this Paragraph.

4. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint, except Defendants deny that Plaintiff had a reservation to return to the hotel on February 3, 2017.

5. With respect to the allegations contained in Paragraph "5" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required, except Defendants admit that Gansevoort Park Management, a subsidiary of Gansevoort Hotel Group, manages a hotel at 420 Park Avenue South, New York, NY 10016.

6. Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

    a. Defendants deny subparagraph "a" of Paragraph "8" of the Complaint.

    b. Defendants deny subparagraph "b" of Paragraph "8" of the Complaint.

    c. Defendants deny subparagraph "c" of Paragraph "8" of the Complaint.

    d. Defendants deny subparagraph "d" of Paragraph "8" of the Complaint.

    e. Defendants admit subparagraph "e" of Paragraph "8" of the Complaint.

    f. Defendants admit subparagraph "f" of Paragraph "8" of the Complaint.

    g. Defendants admit subparagraph "g" of Paragraph "8" of the Complaint.

    h. Defendants deny subparagraph "h" of Paragraph "8" of the Complaint.

    i. Defendants deny subparagraph "i" of Paragraph "8" of the Complaint.

    j. Defendants deny subparagraph "j" of Paragraph "8" of the Complaint.

   k.  Defendants deny subparagraph "k" of Paragraph "8" of the Complaint.

   l.  Defendants admit subparagraph "l" of Paragraph "8" of the Complaint.

   m.  Defendants deny subparagraph "m" of Paragraph "8" of the Complaint.

   n.  Defendants deny subparagraph "n" of Paragraph "8" of the Complaint.

   o.  Defendants admit subparagraph "o" of Paragraph "8" of the Complaint.

   p.  Defendants admit subparagraph "p" of Paragraph "8" of the Complaint.

   q.  Defendants deny subparagraph "q" of Paragraph "8" of the Complaint.

   r.  Defendants deny subparagraph "r" of Paragraph "8" of the Complaint.

   s.  Defendants admit subparagraph "s" of Paragraph "8" of the Complaint.

   t.  Defendants deny subparagraph "t" of Paragraph "8" of the Complaint.

   u.  Defendants deny subparagraph "u" of Paragraph "8" of the Complaint.

   v.  Defendants admit subparagraph "v" of Paragraph "8" of the Complaint.

   w.  Defendants deny subparagraph "w" of Paragraph "8" of the Complaint.

   x.  Defendants deny subparagraph "x" of Paragraph "8" of the Complaint.

   y.  Defendants admit subparagraph "y" of Paragraph "8" of the Complaint.

   z.  Defendants deny subparagraph "z" of Paragraph "8" of the Complaint.

   aa. Defendants deny subparagraph "aa" of Paragraph "8" of the Complaint.

9.  With respect to the allegations contained in Paragraph "9" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "9" of the Complaint as pled, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. With respect to the allegations contained in Paragraph "13" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "13" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

14. Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. With respect to the allegations contained in Paragraph "15" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "15" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

## AS TO PLAINTIFF'S "WHEREFORE" CLAUSE FOR "COUNT I"

16. Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Complaint, as well as any of the relief sought in subparagraphs "a" through "d" contained therein.

## AS TO PLAINTIFF'S "COUNT II"

17. Defendants repeat and reallege Paragraphs "1" through "16" hereof with the same force and effect as if set forth at length herein.[1]

18. With respect to the allegations contained in Paragraph "16" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own

---

[1] The Complaint contains two Paragraphs numbered "15."

Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "16" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

19.   With respect to the allegations contained in Paragraph "17" of the Complaint and subparagraph "A" through "C," which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "17" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

20.   With respect to the allegations contained in Paragraph "18" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "18" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

21.   Defendants deny the allegations contained in Paragraph "19" of the Complaint.

22.   With respect to the allegations contained in Paragraph "20" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "20" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

23.   With respect to the allegations contained in Paragraph "21" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the

allegations contained in Paragraph "21" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

24. Defendants deny the allegations contained in Paragraph "22" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

25. With respect to the allegations contained in Paragraph "23" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of her own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "23" of the Complaint as pled, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

26. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

28. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

## AS TO "WHEREFORE" CLAUSE FOR "COUNT II"

29. Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants set forth the following affirmative defenses to the claims made in the Complaint. In doing so, Defendants do not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## FIRST AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by her failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint is barred, in whole or in part, to the extent Defendants relied on the directions and directives of the City of New York permitting authorities regarding the accessibility of the subject premises.

## THIRD AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint is barred, in whole or in part, to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## FOURTH AFFIRMATIVE DEFENSE

5. Defendants are not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendants' services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the American with Disabilities Acts ("ADA") and other applicable state and local accommodation laws.

## FIFTH AFFIRMATIVE DEFENSE

6. The removal of any barriers by Defendants is excused to the extent such barrier removal is structurally infeasible or not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

7. Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendants have undertaken in the places of public accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

8. Any changes Plaintiff advocates are barred to the extent they are practically

difficult, pose an unnecessary hardship, or are extreme so that such changes are not required and are subject to exception.

## EIGHTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

## NINTH AFFIRMATIVE DEFENSE

10. At all times relevant to this action, Defendants acted honestly and in good faith to ensure full compliance with the Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and required by law.

-9-

**WHEREFORE**, it is respectfully requested that the Defendants be awarded judgment: (a) dismissing Plaintiff's Complaint in its entirety; and (b) granting such other and further relief as this Court may deem just and proper, including, without limitation, interest, reasonable attorneys' fees, costs, and disbursements.

Dated:	New York, New York
	March 7, 2017

											TANNENBAUM HELPERN
											SYRACUSE & HIRSCHTRITT LLP


											By: _____/s/ *Andrew W. Singer*_____
												Andrew W. Singer
												Joseph D. Lockinger
											900 Third Avenue
											New York, New York 10022
											(212) 508-6700
											singer@thsh.com
											lockinger@thsh.com
											*Attorneys for Defendants*

To:	FULLER, FULLER & ASSOCIATES, P.A.
	Attn: Lawrence A. Fuller
	12000 Biscayne Blvd., Suite 502
	North Miami, FL 33181
	lfuller@fullerfuller.com
	*Attorneys for Plaintiff*